## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **JEFFREY BREWINGTON** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **UNITED STATES OF AMERICA** | * | **MAGISTRATE JUDGE:** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>COMPLAINT</u>

**NOW INTO COURT,** through undersigned counsel, comes Complainant, Jeffrey Brewington ("Plaintiff"), a person of the full age of majority and domiciled in the State of Michigan, who hereby files this Complaint for damages based on injuries he sustained and for which Defendant is liable.

1.

Made Defendant herein is:

A. Defendant UNITED STATES OF AMERICA, sued directly under the Federal Tort Claims Act for the negligence of its federal employees.

2.

This action is brought under Federal law for damages pursuant to the Federal Tort Claims Act, 28 U.S.C §§ 1346(b), 2671 et seq. Plaintiff also invokes supplemental jurisdiction over claims under the State of Louisiana's constitutional and statutory law pursuant to 28 U.S.C. § 1367.

3.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to Plaintiff's Complaint occurred in this judicial district.

1

4.

On November 21, 2019, Complainant Jeffrey Brewington ("Mr. Brewington"), a federal inmate in the custody of the Bureau of Prisons ("BOP"), was transferred to the Federal Correctional Institution in Oakdale, Louisiana ("FCI Oakdale"). He arrived at the Oakdale Federal Correctional Complex and was taken to Federal Correctional Institution 1 for processing and intake.

5.

Upon arriving for processing and intake, Mr. Brewington underwent an initial intake screening interview with an officer employed by the Special Investigative Services ("SIS") unit of the BOP. Upon information and belief, the officer assigned for Mr. Brewington's screening stated to Mr. Brewington that she did not typically work in that particular screening unit, and that she was filling in for an individual who usually worked there but was absent at that time.

6.

The screening was of particular importance for Mr. Brewington because he was a member of a prison gang known as the Aryan Brotherhood ("AB"). Mr. Brewington informed the SIS screening officer who conducted his initial intake interview at FCI Oakdale that he was a member of AB. Additionally, it should have been clear to any SIS screening officer that Mr. Brewington was a member of AB because he had prominent tattoos affiliated with AB, including an AB tattoo on his head.

7.

Furthermore, when asked by the SIS screening officer if there were any prison gangs that he would need to be separated from, due to his membership in AB, Mr. Brewington responded that one of the gangs he needed to be separated from was the Norteños, a prison gang that upon information and belief is a subpart of the larger prison gang Nuestra Familia.

8.

Upon information and belief, the BOP maintains policies or regulations that require inmates of certain prison gangs to be held and housed separately from inmates of other prison gangs, in order to reduce violence between inmates in federal prison.

9.

Upon information and belief, the BOP specifically maintains policies or regulations that require inmates who are members of AB to be separated from inmates who are members of the Norteños, and from inmates who are members of Nuestra Familia and its subgroups and affiliates.

10.

Upon further information and belief, the SIS screening officer, during or immediately after Mr. Brewington's initial intake interview, reviewed Mr. Brewington's central BOP inmate file, which noted that he was a member of AB.

11.

Despite this information regarding Mr. Brewington's membership with AB, and the need to separate him from inmates affiliated with the Norteños or Nuestra Familia prison gangs, Mr. Brewington was nonetheless assigned to a housing area with Norteños members.

12.

Following his initial screening interview, Mr. Brewington was brought to his cell. Soon after, he left his cell to proceed to a communal area for mealtime.

13.

Upon information and belief, while proceeding to the communal area, Mr. Brewington noticed an individual approach him who he recognized as a member of the Norteños gang. That

individual proceeded to attack Mr. Brewington with razor blades. Mr. Brewington then noticed other individuals who he recognized as members of the Norteños proceed to attack him as well.

14.

After several minutes of being beaten and slashed with razor blades by the Norteños members, Mr. Brewington was finally separated by corrections officers who saw the attack.

15.

BOP employees then transported Mr. Brewington, who was severely injured, to the medical department at FCI Oakdale, and thereafter to the nearby Oakdale Community Hospital.

16.

As a result of the attack, Mr. Brewington sustained severe injuries to his face, head, and other parts of his body, and he was required to undergo surgery and remain at the hospital for five days. Due to his injuries, Mr. Brewington has undergone pain and suffering, mental anguish, medical expenses, disfigurement, permanent scarring, lost earning capacity, and any other damages that may come to light through discovery in this matter.

17.

Upon his release from the hospital, Mr. Brewington was held in a Secure Housing Unit. During his time in the Secure Housing Unit, multiple BOP employees, including SIS officers, informed Mr. Brewington that he never should have been housed in a unit with Norteños members given his membership in AB, and that his membership in AB should have been clear to the SIS officer who conducted his intake interview because of his tattoos and inmate file.

18.

Under 18 U.S.C. § 4042, Defendant the United States of America had a duty to provide suitable quarters for Mr. Brewington and to provide for his protection, safekeeping, and care.

19.

 Defendant, however, breached that duty of care because the BOP employees entrusted with screening Mr. Brewington upon his arrival at FCI Oakdale, and with assigning him to a housing unit at FCI Oakdale, failed to follow BOP policies and regulations  by placing him in the prison housing unit where he was attacked. The BOP employees further breached their duty of care to Mr. Brewington by:

1. failing to recognize that Mr. Brewington was a member of AB, even though he informed the SIS officer who conducted his initial screening interview that he was an AB member;

2. further failing to recognize that Mr. Brewington was a member of AB despite his prominent tattoos affiliated with AB, and despite that information being accessible in his central inmate file during his screening;

3. failing to recognize that members of AB needed to be held separately from Norteños members, pursuant to BOP policies and regulations;

4. failing to separate Mr. Brewington from Norteños members;

5. failing to safely house Mr. Brewington separately from rival gang members; and

6. failing to prevent Mr. Brewington's attackers from possessing razor blades.

20.

On July 20, 2021, Mr. Brewington submitted an administrative claim to the Bureau of Prisons, pursuant to the Federal Tort Claims Act. The Federal Bureau of Prisons deemed the claim received for processing on July 26, 2021.

21.

Six months passed following the BOP's receipt of Mr. Brewington's administrative claim, and yet the BOP still had not issued any determination denying or accepting the claim. The BOP's failure to issue any determination within six months of the receipt of Mr. Brewington's administrative claim therefore acted as a final denial of his claim.

22.

Mr. Brewington has therefore exhausted his administrative remedy with Defendant under the Federal Tort Claims Act. Mr. Brewington has now filed this lawsuit within six months of the BOP's final disposition, and this lawsuit is therefore authorized and timely.

WHEREFORE, Complainant prays that a copy of this Complaint be served on Defendant, that it be cited to appear and answer same, and that, in due course, there be judgment rendered against Defendant in favor of Complainant, in an amount to be determined by the trier of fact which will fully compensate Complainant for all damages suffered, including but not limited to compensatory damages, attorney fees, costs including expert fees, and legal interest from the date of judicial demand and all costs of these proceedings.

Respectfully submitted,
**EGENBERG, APLC**

/s/ *Bradley Egenberg*
BRADLEY EGENBERG (#29848)
BEN BERMAN (#36798)
AARON J. HURD (#34601)
650 Poydras Street, Suite 2000
New Orleans, LA 70130
Telephone: (504) 229-5700
Facsimile: (504) 617-7911
Email: lacourtfilings@egenberg.com
*Attorneys for Plaintiff Jeffrey Brewington*